HELEN E. COLE, APPELLEE, v. JESSE GERSTENBERGER,
ADMINISTRATOR, ET AL., APPELLANTS.

FILED JUNE 23, 1914. No. 17,774.

1. **Municipal Corporations:** OBSTRUCTING SIDEWALK: NEGLIGENCE: SUF-
FICIENCY OF EVIDENCE. The evidence, indicated in the opinion, is
found sufficient to support the verdict and judgment.

2. **Trial:** REFUSAL OF INSTRUCTIONS. The refusal of the court to give
certain requested instructions is justified by the instructions given
on the court's own motion, which substantially and correctly stated
all material issues submitted to the jury, including the matters sug-
gested by the requested instructions.

APPEAL from the district court for Lancaster county:
WILLARD E. STEWART, JUDGE. *Affirmed.*

*Morning & Ledwith,* for appellants.

*E. C. Strode* and *M. V. Beghtol, contra.*

SEDGWICK, J.

The defendants were contractors for a definite part of
the work on the Y. M. C. A. building, located on the cor-
ner of Thirteenth and P streets, in the city of Lincoln..
With the permission of the city authorities they erected
a fence on the asphalt pavement in the street, several
feet from the curb line, to keep the traveling public from.
dangerous places in the construction. After their work
was completed they removed the fence, and they testify·
that they removed the materials which they had deposited:
on the street within the inclosure. A few days later the·
plaintiff was passing along the street where this inclosure·
had been, and fell and received a serious personal injury..
The evidence shows that a nail or spike protruding an inch
and a half or two inches from the pavement was the cause·
of her fall. She brought this action in the district court
for Lancaster county against these defendants, alleging·
negligence in causing the spike to be placed where it was.

and failing to remove the same. She recovered a verdict and judgment, and the defendants have appealed.

1. The defendants contend that the evidence is not sufficient to support the judgment. It appears that there were other independent contractors who employed a large number of men in the construction of this building, and that they also deposited materials upon the pavement in the vicinity of this accident, and the contention of the defendants is that the evidence wholly fails to show that it was these defendants, rather than some other of the contractors, who caused this nail or spike to be driven in the pavement. The decisions of this court in *Union P. R. Co. v. Fickenscher*, 72 Neb. 187, and another case of the same title, 74 Neb. 507, are cited, with other cases, and the rule stated by the supreme court of Wisconsin in *Musbach v. Wisconsin Chair Co.*, 84 N. W. 36 (108 Wis. 57) is quoted and relied upon: "Where there were two possible causes of an accident, only one of which would render the defendant liable, the burden of proof was on plaintiff to show that the accident arose from that cause." There is no doubt that the law is substantially as thus stated. The question is whether the proof in this case is sufficient to justify the jury in finding that the defendants caused the nail or spike to be so placed and negligently failed to remove the same. The evidence shows that in erecting this fence the defendants first nailed the planks upon the asphalt pavement to keep the fence in place. In doing so they used what are called 16-penny spikes, which are a little less than 4 inches in length. These spikes were driven through the planks, which were about 1½ inches in thickness, and into the asphalt pavement. There is no evidence that any other contractor drove any spikes into the pavement, or had any occasion so to do. If these defendants drove this spike into the pavement in fastening their planks, it was, of course, their duty to remove it when they removed the fence. This duty they assumed to perform, and they testify that they cleared the pavement after they removed the fence, and did not discover any nail or spike remaining in the pavement. We think that the find-

ing of the jury that these defendants caused this nail or spike to be driven into the pavement, and failed to remove the same when they removed the fence, is not so wholly unsupported by the evidence as to require this court to reverse the judgment for that reason.

2. The defendants contend that the court erred in instructing the jury, and in refusing to give instructions requested by them. The court on its own motion gave the jury 18 several instructions, which appear to quite fully cover all of the issues presented in the case. The defendants requested 10 different instructions, some of them quite lengthy and complicated. The contention is that the third, sixth and seventh instructions requested by the defendants should have been given. These requests presented to the jury the defendants' contention that some other of the contractors might have caused the nail or spike to be placed where it was, and that, when the evidence upon that point is so uncertain that it might reasonably be found that the injury complained of is due to the negligence of other contractors, "then the jury would not be justified in finding against these defendants, unless a preponderance of the evidence was sufficient to satisfy them that the said nail was placed or left there as a result of the negligence of one or both of these defendants, or some of their servants or employees, and not as a result of the negligence of some other person who was engaged in work not embraced in the general contract of these defendants, and not under their direction or control." These requests of the defendants are quite lengthy, and, without quoting them at length here, it is sufficient to say that the instructions given by the court appear to fully present all of the material points suggested in these requests. The eighth, ninth and tenth instructions requested by the defendants present to the jury the proposition that, although the defendants caused the nail or spike to be placed in the pavement, still they would not be liable, "in the absence of evidence showing that it was negligently placed or left there." The evidence, of course, fails to show that it was negligently placed in the pavement. They were author-

ized by the city authorities to place the fence where it was, and there is no evidence that the manner of doing so was in any respect improper. But, having placed the spike there, it was their duty to remove it when they removed the fence, and, if they failed to do so, it requires no evidence to show that they were negligent in such failure. These requests were therefore properly refused.

The plaintiff was seriously injured, and there is no suggestion that the verdict is excessive. We have found no error in the record requiring reversal, and the judgment of the district court is

AFFIRMED.

ROSE, FAWCETT and HAMER, JJ., not sitting.